IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA    *
                            *
vs.                         *    CR 107-157
                            *
DWAYNE CLEON O'SULLIVAN     *

# O R D E R

In the captioned criminal matter, Defendant Dwayne Cleon O'Sullivan was indicted on November 9, 2007, for conspiracy to distribute and to possess with intent to distribute marijuana, a violation of 21 U.S.C. § 846. On December 4, 2007, Defendant was released from detention on a $30,000 bond secured by 10% of that amount and under certain specified Conditions of Release. The Conditions of Release included a curfew whereby Defendant was restricted to his residence from 7:00 p.m. to 6:00 a.m. daily. Defendant has been monitored by the United States Probation Office of the Northern District of Georgia since his release.

On May 15, 2008, Defendant pled guilty to the charge. Up until that point, it did not appear that Defendant had violated any specific Condition of Release. Nevertheless, Defendant was remanded to the custody of the United States Marshals Service pending sentencing because, given this Court's colloquy with Defendant at the Rule 11 hearing, I

suspected that Defendant had not faithfully adhered to the curfew restrictions. In particular, Defendant represented that he is in the business of music promotion and production that takes him into the late night hours at various nightclubs in the Atlanta area. At the conclusion of the hearing, I was not convinced that Defendant should be continued on his bond.

Upon further inquiry by the United States Probation Officer, the Court has learned from Defendant's employing supervisor that he has worked between the hours of midnight and one o'clock a.m. Further, Defendant has indicated to a United States Probation Officer that the curfew was "killing" him and his business. In further discussion of his business, Defendant indicated to the Probation Officer that he was working in a studio with no mention of any nightclub.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, Section 3143(a) creates a presumption that a convicted defendant shall be detained pending imposition of sentence unless *the defendant* establishes by clear and convincing evidence that he is not likely to flee or does not pose a danger to the community. It is my view that a defendant convicted of a drug-related offense who does not faithfully and unequivocally adhere to the terms of his curfew, and who is less than candid about his activities, poses a danger to the community. Certainly, Defendant has not proven by clear

and convincing evidence an entitlement to release pending sentencing.

Upon the foregoing, Defendant shall remain in custody with the United States Marshals Service pending sentencing.

**ORDER ENTERED** at Augusta, Georgia, this ___16TH___ day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE